UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------- X

RAJWINDER KAUR, an individual,

                Plaintiff,

      -against-

EQUIFAX, INC., a corporation; EQUIFAX
INFORMATION SERVICES, LLC, a
corporation; EXPERIAN INFORMATION
SOLUTIONS, INC., a corporation; TRANS
UNION, LLC, a corporation; and DOES 1-
10, inclusive,

              Defendants.

--------------------------------------------------------- X

Index No. CV-20 2614

**EQUIFAX INC. AND EQUIFAX
INFORMATION SERVICES LLC'S
ANSWER TO COMPLAINT AND
AFFIRMATIVE AND OTHER
DEFENSES**

      Defendants EQUIFAX INC. ("Equifax") and EQUIFAX INFORMATION SERVICES

LLC ("EIS") (together, the "Equifax Defendants"), by and through their attorneys, Seyfarth

Shaw LLP, hereby submits their Answer to Complaint and affirmative and other defenses as

follows:

### PRELIMINARY STATEMENT

      In answering the Complaint, Equifax Defendants state that they are responding to

allegations on behalf of themselves only, even where the allegations pertain to alleged conduct

by all Defendants.  Equifax Defendants deny any and all allegations in the headings and/or

unnumbered paragraphs in the Complaint.

### I. PRELIMINARY STATEMENT

**COMPLAINT ¶1:**

      This action arises out of Defendants EQUIFAX, INC., EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION,
LLC's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (or, "FCRA"), which
prohibits consumer reporting agencies (hereinafter "CRAs"), from failing to provide a consumer
with their "Full Consumer File Disclosure", failing to provide a consumer with Defendants'

reinvestigation procedure, failing to promptly delete all information which cannot be verified and Defendant Equifax's failure to provide notice to a consumer of reinserted information to the consumer file within 5 business days after the date of the insertion.

**ANSWER:**

Equifax Defendants admit Plaintiff purports to bring an action under the FCRA, but deny

the remaining allegations in Paragraph 1.  Equifax Defendants further deny any violation of the

law and deny Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶2:**

15 U.S.C. §1681n and §1681e, create a private right of action for consumers to bring against violators of any provision of the FCRA with regard to their credit. In *DiMezza v. First USA Bank, Inc.*, 103 F.Supp.2d 1296, 1300 (D.N.M. 2000) the Court confirmed that "...the plain language of [15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently fail to perform their duties upon notice of a dispute...there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information." *Id.* 1300. All Defendants have willfully and negligently failed to perform their duties by not complying with the FCRA as described herein.

**ANSWER:**

Equifax Defendants admit Plaintiff purports to bring an action under the FCRA, but deny

the remaining allegations in Paragraph 2.  Equifax Defendants further deny any violation of the

law and deny Plaintiff is entitled to any relief whatsoever.

## II. JURISDICTION

**COMPLAINT ¶3:**

Jurisdiction of this Court arises under 15 U.S.C. §1681, *seq*, and 28 U.S.C. § 1331.

**ANSWER:**

Equifax Defendants admit that the Court has federal question jurisdiction pursuant to 15

U.S.C. § 1681p of the FCRA, but deny the remaining allegations in Paragraph 3.

**COMPLAINT ¶4:**

Venue is proper pursuant to 28 U.S.C. §1391(b). Venue in this District is proper in that the Plaintiffs reside here, the Defendants transact business here, and the conduct complained of occurred here.

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 4.

**COMPLAINT ¶5:**

This is an action for damages which exceed $3,000.00.

**ANSWER:**

Equifax Defendants admit Plaintiff seeks damages in excess of $3,000, but deny any

violation of the law and deny Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶6:**

All conditions precedent to the bringing of this action have been performed.

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 6.

### III. PARTIES

**COMPLAINT ¶7:**

Plaintiff Rajwinder Kaur, (hereinafter "Plaintiff") is a natural person residing in Suffolk County, New York.

**ANSWER:**

Equifax Defendants admit that Plaintiff is a natural person, but lack knowledge or

information sufficient to form a belief as to the remaining allegations in Paragraph 7.

**COMPLAINT ¶8:**

Defendant Equifax, Inc., (hereinafter "Equifax"), along with its subsidiaries, affiliates and business partners operates as a Consumer Reporting Agency as that term is defined (See 15 U.S.C. § 1681a(f) See *Hinkle v. Experian Information Solutions, Inc*., 1:18-cv-007, USDC, W.D.N.C. ("The term "consumer reporting agency" means any person, who for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of

assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.") regulated by the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681 et seq. with Equifax Inc. corporate offices at 1550 Peachtree Street, NW, H46, Atlanta, GA 30309. Equifax may be served through its registered agent, Prentice-Hall Corp. System, 80 State Street, Albany, NY, 12207, USA. Equifax is a public corporation, trading in the New York Stock Exchange as "EFX".

**ANSWER:**

Equifax Defendants deny the allegations contained in Paragraph 8, except that Equifax

admits it is a publicly traded company on the New York Stock Exchange.

**COMPLAINT ¶9:**

Equifax, Inc. is the parent of Equifax Information Services, LLC.

**ANSWER:**

Equifax Defendants admit that Equifax Inc. is the parent company of Equifax

Information Services LLC.

**COMPLAINT ¶10:**

Equifax, Inc. and its subsidiaries such as Equifax Information Services, LLC ("EIS") and Equifax Consumer Services, LLC (hereinafter "ECS") operate as alter egos of one another and freely transfer communications from consumers, as well as consumer information and data based on consumer information and communications, between the entities for commercial purposes without restriction and to treat them as separate entities would promote fraud and sanction injustice.

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 10.

**COMPLAINT ¶11:**

Equifax, Inc. and its subsidiaries, including EIS operate using the same "Equifax" logo with no differentiation between the entities when interacting with consumers via mail and otherwise. By virtue of different subsidiaries and divisions operating without any impediments of corporate structure using the same logo as Equifax, Inc., an unsophisticated consumer would not know one Equifax from another.

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 11.

**COMPLAINT ¶12:**

To remain separate and distinct for purposes of liability in this action, Defendants Equifax, Inc. and Equifax Information Services, LLC must operate as separate and legally as well as operationally distinct entities. Here for matters alleged and relevant herein, EIS is merely an alter ego of Equifax, Inc. For purposes of how consumer data is handled, warehoused, used and sold the corporate lines were disregarded in practice. EIS, ECS and other subsidiaries of Equifax, Inc. are mere instrumentalities for the transaction of the corporate consumer credit business. In other words, Equifax, Inc., EIS, ECS and other subsidiaries share full unity of interest such that the separate personalities of the corporation and subsidiaries no longer exist as they operate as one consumer reporting agency under the FCRA.

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 12.

**COMPLAINT ¶13:**

Equifax, Inc., has used EIS and ECS and other subsidiaries as dependent and integrated divisions rather than separate legal entities. The business operations are fully coordinated and shared resources are cross-applied without full and complete profit centers. Management decisions at EIS and ECS as well as other divisions are made by and through Equifax, Inc. and the entities hold themselves out as a single uniform business entity exchanging and selling consumer information as well as data derived from consumer information and communication it holds in its consumer files. Its customer base is vast and includes state and federal governments generating hundreds of millions if not billions of dollars in revenue annually.

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 13.

**COMPLAINT ¶14:**

Defendant Equifax Information Services, LLC (hereinafter "EIS") is a foreign corporation/limited liability company believed to be authorized to do and is doing business in this State. Defendant EIS is a "consumer reporting agency," as codified at 15 U.S.C. §1681a(e). EIS has a Principal Executive Office Address at 1550 Peachtree Street, NW, H46, Atlanta, GA 30309, and may be served through its registered agent, Prentice-Hall Corp. System, 80 State Street, Albany, NY, 12207, USA.

**ANSWER:**

Equifax Defendants admit that some of EIS's business activities make it a "consumer

reporting agency" under the FCRA as to those activities only. Equifax Defendants admit that

EIS maintains its principal place of business in Georgia.  Equifax Defendants deny the remaining

allegations set forth in Paragraph 14.

**COMPLAINT ¶15:**

The FCRA, through a rule mandated at § 1681x expressly prohibits "a consumer reporting agency from circumventing or evading treatment as a consumer reporting agency" by means of corporate organization or restructuring. Equifax, Equifax Consumer Services, LLC and EIS operate as one credit reporting agency.

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 15.

**COMPLAINT ¶16:**

Defendant Experian Information Solutions, Inc. (hereinafter "Experian") along with its subsidiaries, affiliates and business partners operates as a Consumer Reporting Agency regulated by the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681 et seq. with a principal corporate executive office address of 475 Anton Boulevard, Costa Mesa, CA 92626 and may be served through its registered agent, C T Corporation, 28 Liberty St,, New York, New York, 10005, USA.

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 16.

**COMPLAINT ¶17:**

Experian, its subsidiaries and partners sell consumer information and data derived from consumer information in its consumer file(s) in a number of products and services to customers such as financial institutions and the debt collection industry. As of November 13, 2018, Experian's website advertises and promotes their "...U.S. ConsumerView marketing database covers over 300 million individuals and 126 million households. With the freshest data compiled from hundreds of public and proprietary sources, Experian has thousands of powerful data points to help marketers reach their targeting goals, including demographics, purchasing habits, lifestyles, interests and attitudes."

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 17.

**COMPLAINT ¶18:**

Defendant TransUnion, LLC (hereinafter "TRANS", "TransUnion") along with its subsidiaries and affiliates operates as a Consumer Reporting Agency regulated by the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681 et seq. with corporate offices at 555 W. Adams Street, Chicago, IL 60661, and may be served through its registered agent, Corporation Service Company, 80 State Street, Albany, NY, 12207-2543, USA. TransUnion operates as a single FORA governed consumer reporting agency. TransUnion, LLC has structured itself in order to warehouse its sale of credit reporting consumer reports in one entity and its sale of criminal history, employment, landlord-tenant purposed, etc. consumer reports in other entities. However, it freely transfers data between units and operates without: any impediments of corporate structure. In almost every material regard, the TransUnion units operate as if they are one and the same, a single consumer reporting agency.

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 18.

**COMPLAINT ¶19:**

Defendants Does 1-10 are currently unknown to plaintiffs. Complaint will be amended when facts are discovered regarding unknown parties.

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 19.

## IV. GENERAL ALLEGATIONS

**COMPLAINT ¶20:**

During October, 2019, Plaintiff became increasingly concerned of numerous discrepancies, inconsistencies and varying information reported by the Defendants on credit reports obtained by the Plaintiff.

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 20.

**COMPLAINT ¶21:**

Therefore, on or about October 15, 2019, Plaintiff sent a written request to all Defendants by certified mail, specifically requesting full consumer file disclosure[1], not copies of her credit report, from each of the Defendants, see "Exhibit 1".

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 21.

**COMPLAINT ¶22:**

On or about November 12, 2019, Plaintiff subsequently sent a request to all Defendants to conduct an investigation and specifically verify various accounts each of the Defendants were disclosing on Plaintiffs credit reports, see "Exhibit 2".

**ANSWER:**

EIS admits it received a dispute letter from Plaintiff dated November 9, 2019.  EIS states the documents are the best representation of the information found therein and, to the extent the allegations differ from the documents, EIS denies the allegations in Paragraph 22.  Equifax Defendants deny the remaining allegations set forth in Paragraph 22.

**COMPLAINT ¶23:**

Between November 12, 2019 and January 3, 2020, Plaintiff received communications from all Defendants which were not responsive to Plaintiff's request for full consumer file disclosure, as requested (see ¶ 21).

**ANSWER:**

EIS admits that it sent Plaintiff a communication dated December 13, 2019 with the results of her dispute.  EIS states the documents are the best representation of the information found therein and, to the extent the allegations differ from the documents, EIS denies the allegations set forth in Paragraph 23.  Equifax Defendants deny the remaining allegations set forth in Paragraph 23.

---

[1] See 15 U.S.C. § 1681g(a)(1)

65163747v.1

**COMPLAINT ¶24:**

Between November 12, 2019 and January 3, 2020, Defendant TransUnion, following an alleged investigation, removed four (4) accounts which had been previously reported on Plaintiff's credit report, see "Exhibit 3". Defendant TransUnion did not provide verifiable proof of the remaining accounts.

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 24.

**COMPLAINT ¶25:**

Between November 12, 2019 and January 3, 2020, Defendant Experian, following an investigation, removed two (2) accounts which had been previously reported on Plaintiff's credit report, see "Exhibit 4", Defendant Experian did not provide verifiable proof of the remaining accounts.

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 25.

**COMPLAINT ¶26:**

Between November 12, 2019 and January 3, 2020, Defendant Equifax, following an alleged investigation, removed fourteen (14) accounts which had been previously reported on Plaintiff's credit report, see "Exhibit 5", Defendant Equifax did not provide verifiable proof of the remaining account.

**ANSWER:**

EIS admits that it sent Plaintiff a communication dated December 13, 2019 with the

results of her dispute.  EIS states the documents are the best representation of the information

found therein and, to the extent the allegations differ from the documents, EIS denies the

allegations in Paragraph 26.  Equifax Defendants deny the remaining allegations set forth in

Paragraph 26.

**COMPLAINT ¶27:**

On or about January 3, 2020, Plaintiff again requested all Defendants to conduct a reinvestigation and specifically verify various accounts remaining on Plaintiff's credit report, see "Exhibit 6".

**ANSWER:**

EIS admits it received a dispute letter from Plaintiff dated January 3, 2020.  EIS states the documents are the best representation of the information found therein and, to the extent the allegations differ from the documents, EIS denies the allegations in Paragraph 27.  Equifax Defendants deny the remaining allegations set forth in Paragraph 27.

**COMPLAINT ¶28:**

Between January 3, 2020 and February 18, Defendant TransUnion, following an alleged reinvestigation[2], removed zero (0) accounts from Plaintiff's credit report. Defendant TransUnion did not provide verifiable proof of the remaining accounts.

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 28.

**COMPLAINT ¶29:**

Between January 3, 2020 and February 18, 2020, Defendant Experian, following an alleged reinvestigation, removed zero (0) accounts from Plaintiff's credit report. Defendant Experian did not provide verifiable proof of the remaining accounts.

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 29.

**COMPLAINT ¶30:**

Between January 3, 2020 and February 18, 2020, Defendant Equifax, following an alleged reinvestigation, removed zero (0) accounts from Plaintiff's credit report. Defendant Equifax did not provide verifiable proof of the remaining account,

---

[2] See 15 U.S.C. § 1681i

**ANSWER:**

EIS admits that it sent Plaintiff a communication dated January 20, 2020 with the results

of her dispute.  EIS states the documents are the best representation of the information found

therein and, to the extent the allegations differ from the documents, EIS denies the allegations in

Paragraph 30.  Equifax Defendants deny the remaining allegations set forth in Paragraph 30.

**COMPLAINT ¶31:**

On or about February 18, 2020, following Defendants' failure to provide Plaintiff with
full consumer file disclosure as evidenced by Exhibit 1, Plaintiff sent all Defendants a second
full consumer file disclosure request, see "Exhibit 7".

**ANSWER:**

EIS admits it received a communication from Plaintiff dated February 18, 2020.  EIS

states the documents are the best representation of the information found therein and, to the

extent the allegations differ from the documents, EIS denies the allegations in Paragraph 31.

Equifax Defendants deny the remaining allegations set forth in Paragraph 31.

**COMPLAINT ¶32:**

Between February 18 and April 6, 2020, Defendant TransUnion removed zero (0)
accounts from Plaintiff's credit report. Defendant TransUnion did not provide verifiable proof of
the remaining accounts.

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 32.

**COMPLAINT ¶33:**

Between February 18, 2020 and April 6, 2020, Defendant Experian removed zero (0)
accounts from Plaintiff's credit report. Defendant Experian did not provide verifiable proof of
the remaining accounts.

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 33.

**COMPLAINT ¶34:**

Between February 18, 2020 and April 6, 2020, Defendant Equifax removed zero (0) accounts from Plaintiff's credit report. Defendant Equifax did not provide verifiable proof of the remaining account.

**ANSWER:**

EIS admits that it sent Plaintiff a communication dated March 5, 2020 with the results of her dispute.  EIS states the documents are the best representation of the information found therein and, to the extent the allegations differ from the documents, EIS denies the allegations contained in Paragraph 34.  Equifax Defendants deny the remaining allegations set forth in Paragraph 34.

**COMPLAINT ¶35:**

On or about April 6, 2020, Plaintiff again requested all Defendants to conduct an investigation and verify various accounts remaining on Plaintiff's credit report, see "Exhibit 8".

**ANSWER:**

EIS admits it received a dispute letter from Plaintiff dated April 6, 2020.  EIS states the documents are the best representation of the information found therein and, to the extent the allegations differ from the documents, EIS denies the allegations contained in Paragraph 35.  Equifax Defendants deny the remaining allegations set forth in Paragraph 35.

**COMPLAINT ¶36:**

Since April 6, 2020, TransUnion and Experian removed zero (0) accounts from Plaintiff's credit report. Neither Defendant TransUnion or Experian provided verifiable proof of the remaining accounts.

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 36.

**COMPLAINT ¶37:**

Since April 6, 2020, Defendant Equifax has added two (2) Wells Fargo accounts to
Plaintiff's credit report, which had previously been removed because they could not be verified.
Defendant Equifax did not provide verifiable proof of the remaining accounts.

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 37.

**COMPLAINT ¶38:**

Since February 18, 2020, Plaintiff has received several communications from all
Defendants, however, all Defendants failed to provide Plaintiff with full consumer file disclosure
as requested (see ¶ 31).

**ANSWER:**

Equifax Defendants admit that EIS has communicated with Plaintiff, but deny the

remaining allegations in Paragraph 38.

**COMPLAINT ¶39:**

As of the date of Plaintiffs Complaint, Defendants Equifax, Experian and Trans Union
have not responded to Plaintiff's full consumer file disclosure requests as described at ¶121 and
¶131 as required under 15 U.S.C. § 1681g(a) (1).

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 39.

**COMPLAINT ¶40:**

As of the date of Plaintiff's Complaint, Defendants Equifax, Experian and Trans Union
have failed to provide Plaintiff with a description of the reinvestigation procedure required under
15 U.S.C. § 1681i(a)(7).

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 40.

**COMPLAINT ¶41:**

As of the date of Plaintiff's Complaint Equifax, Experian and Trans Union have failed to promptly delete ail information which cannot be verified as required under 15 U.S.C. § 16811(a)(5)(A).

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 41.

**COMPLAINT ¶42:**

As of the date of Plaintiff's Complaint, Defendant Equifax failed to provide notice to Plaintiff of information reinserted[3] into the file within 5 business days after reinsertion as required under 15 U.S.C. § 1681i(a)(5)(B)(ii).

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 42.

**COMPLAINT ¶43:**

Despite Plaintiff's effort to resolve these matters without litigation, all Defendants have refused to cooperate with Plaintiff's reasonable requests for Defendants to accurately report information.

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 43.

## V. CAUSES OF ACTION

### COUNT I

**VIOLATION OF THE FCRA, 15 U.S.C. §1681g(a)(1), WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX. INC., AND EQUIFAX INFORMATION SERVICES, LLC**

**COMPLAINT ¶44:**

Paragraphs 1 through 43 are re-alleged as though fully set herein.

---

[3] See ¶ 37.

65163747v.1

**ANSWER:**

Equifax Defendants restate their answers to Paragraphs 1 through 43 as their answer to

Paragraph 44.

**COMPLAINT ¶45:**

Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax Defendants admit the allegations in Paragraph 45.

**COMPLAINT ¶46:**

Equifax and its alter ego, Equifax Information Services, LLC operate as a consumer
reporting agency within the meaning of 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax denies it operates as a "consumer reporting agency." EIS admits that some of its

business activities make it a "consumer reporting agency" under the FCRA as to those activities

only. Equifax Defendants deny the remaining allegations set forth in Paragraph 46.

**COMPLAINT ¶47:**

Equifax and Equifax Information Services, LLC, repeatedly failed to comply with
Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. §
1681g(a)(1).

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 47.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff demands judgment for damages against Equifax, Inc., and
Equifax Information Services, LLC for statutory damages of $1000.00, any attorney fees and all
costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

In response to Plaintiff's prayer for relief, Equifax Defendants deny that Plaintiff is

entitled to the relief sought or any relief whatsoever.  Equifax Defendants further deny that a *pro*

*se* Plaintiff is entitled to attorneys' fees.

**COUNT II**

**VIOLATION OF THE FCRA, 15 U.S.C. §1681g(a)(1)**
**WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN**
**INFORMATION SOLUTIONS, LLC**

**COMPLAINT ¶48:**

Paragraphs 1 through 43 are re-alleged as though fully set herein.

**ANSWER:**

Equifax Defendants restate their answers to Paragraphs 1 through 47 as their answer to

Paragraph 48.

**COMPLAINT ¶49:**

Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax Defendants admit the allegations in Paragraph 49.

**COMPLAINT ¶50:**

Experian operates as a consumer reporting agency within the meaning of 15 U.S.C.
§1681a(f).

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 50.

**COMPLAINT ¶51:**

Experian repeatedly failed to comply with Plaintiff's multiple requests for a full
consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1).

65163747v.1

**ANSWER:**

      Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 51.

**PRAYER FOR RELIEF:**

      WHEREFORE, Plaintiff demands judgment for damages against Experian for statutory

damages of $1000.00, any attorney fees and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

      In response to Plaintiff's prayer for relief, Equifax Defendants deny that Plaintiff is

entitled to the relief sought or any relief whatsoever.  Equifax Defendants further deny that a *pro*

*se* Plaintiff is entitled to attorneys' fees.

**COUNT III**

**VIOLATION OF THE FCRA, 15 U.S.C. §1681g(a)(1), WILLFUL NON-COMPLIANCE BY DEFENDANT TRANSUNION LLC**

**COMPLAINT ¶52:**

      Paragraphs 1 through 43 are re-alleged as though fully set herein.

**ANSWER:**

      Equifax Defendants restate their answers to Paragraphs 1 through 51 as their answer to

Paragraph 52.

**COMPLAINT ¶53:**

      Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c),

**ANSWER:**

      Equifax Defendants admit the allegations in Paragraph 53.

**COMPLAINT ¶54:**

      Trans Union operates as a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 54.

**COMPLAINT ¶55:**

Trans Union failed to comply with Plaintiff's multiple requests for a full consumer file

disclosure pursuant to 15 U.S.C. § 1681g(a)(1).

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 55.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff demands judgment for damages against Trans Union for

statutory damages of $1000.00, any attorney fees and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

In response to Plaintiff's prayer for relief, Equifax Defendants deny that Plaintiff is

entitled to the relief sought or any relief whatsoever.  Equifax Defendants further deny that a *pro*

*se* Plaintiff is entitled to attorneys' fees.

## COUNT IV

## VIOLATION OF THE FCRA, 15 U.S.C. §1681i(a)(7), WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX, INC., AND EQUIFAX INFORMATION SERVICES, LLC

**COMPLAINT ¶56:**

Paragraphs 1 through 43 are re-alleged as though fully set herein.

**ANSWER:**

Equifax Defendants restate their answers to Paragraphs 1 through 55 as their answer to

Paragraph 56.

**COMPLAINT ¶57:**

Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax Defendants admit the allegations in Paragraph 57.

**COMPLAINT ¶58:**

Equifax and its alter ego, Equifax Information Services, LLC operate as a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(1).

**ANSWER:**

Equifax denies it operates as a "consumer reporting agency."  EIS admits that some of its

business activities make it a "consumer reporting agency" under the FCRA as to those activities

only.  Equifax Defendants deny the remaining allegations set forth in Paragraph 58.

**COMPLAINT ¶59:**

Equifax and Equifax Information Services, LLC, failed to provide Plaintiff with a description of the reinvestigation procedure required under 15 U.S.C. § 1681i(a)(7).

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 59.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff demands judgment for damages against Equifax, Inc., and Equifax Information Services, LLC for statutory damages of $1000.00, any attorney fees and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

In response to Plaintiff's prayer for relief, Equifax Defendants deny that Plaintiff is

entitled to the relief sought or any relief whatsoever.  Equifax Defendants further deny that a *pro*

*se* Plaintiff is entitled to attorneys' fees.

**COUNT V**

<u>**VIOLATION OF THE FCRA, 15 U.S.C. §1681i(a)(7),WILLFUL NON-
COMPLIANCE BY DEFENDANT EXPERIAN
INFORMATION SOLUTIONS, LLC**</u>

<u>**COMPLAINT ¶60:**</u>

Paragraphs 1 through 43 are re-alleged as though fully set herein.

<u>**ANSWER:**</u>

Equifax Defendants restate their answers to Paragraphs 1 through 59 as their answer to

Paragraph 60.

<u>**COMPLAINT ¶61:**</u>

Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

<u>**ANSWER:**</u>

Equifax Defendants admit the allegations in Paragraph 61.

<u>**COMPLAINT ¶62:**</u>

Experian operates as a consumer reporting agency within the meaning of 15 U.S.C. §
1681a(f).

<u>**ANSWER:**</u>

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 62.

<u>**COMPLAINT ¶63:**</u>

Experian failed to provide Plaintiff with a description of the reinvestigation procedure
required under 15 U.S.C. § 1681i(a)(7).

<u>**ANSWER:**</u>

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 63.

65163747v.1

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff demands judgment for damages against Experian for statutory damages of $1000.00, any attorney fees and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

In response to Plaintiff's prayer for relief, Equifax Defendants deny that Plaintiff is entitled to the relief sought or any relief whatsoever.  Equifax Defendants further deny that a *pro se* Plaintiff is entitled to attorneys' fees.

**COUNT VI**

**VIOLATION OF THE FCRA, 15 U.S.C. §1681i(a)(7), WILLFUL NON-COMPLIANCE BY DEFENDANT TRANSUNION LLC**

**COMPLAINT ¶64:**

Paragraphs 1 through 43 are re-alleged as though fully set herein.

**ANSWER:**

Equifax Defendants restate their answers to Paragraphs 1 through 63 as their answer to Paragraph 64.

**COMPLAINT ¶65:**

Plaintiff is a consumer within the meaning or the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax Defendants admit the allegations in Paragraph 65.

**COMPLAINT ¶66:**

Trans Union operates as a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 66.

65163747v.1

**COMPLAINT ¶67:**

Trans Union failed to provide Plaintiff with a description of the reinvestigation procedure required under 15 U.S.C. § 16811(a)(7).

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 67.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff demands judgment for damages against Trans Union for statutory damages of $1000.00, any attorney fees and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

In response to Plaintiff's prayer for relief, Equifax Defendants deny that Plaintiff is

entitled to the relief sought or any relief whatsoever.  Equifax Defendants further deny that a *pro*

*se* Plaintiff is entitled to attorneys' fees.

**COUNT VII**

**VIOLATION OF THE FCRA, 15 U.S.C. §1681g(a)(1), WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX, INC., AND EQUIFAX INFORMATION SERVICES, LLC**

**COMPLAINT ¶68:**

Paragraphs 1 through 43 are re-alleged as though fully set herein.

**ANSWER:**

Equifax Defendants restate their answers to Paragraphs 1 through 67 as their answer to

Paragraph 68.

**COMPLAINT ¶69:**

Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax Defendants admit the allegations in Paragraph 69.

65163747v.1

**COMPLAINT ¶70:**

Equifax and its alter ego, Equifax Information Services, LLC operate as a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax denies it operates as a "consumer reporting agency."  EIS admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only.  Equifax Defendants deny the remaining allegations set forth in Paragraph 70.

**COMPLAINT ¶71:**

Equifax and Equifax Information Services, LLC, repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1).

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 71.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff demands judgment for damages against Equifax, Inc., and Equifax Information Services, LLC for statutory damages of $1000.00, any attorney fees and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

In response to Plaintiff's prayer for relief, Equifax Defendants deny that Plaintiff is entitled to the relief sought or any relief whatsoever.  Equifax Defendants further deny that a *pro se* Plaintiff is entitled to attorneys' fees.

**COUNT VIII**

**VIOLATION OF THE FCRA, 15 U.S.C. §1681g(a)(1), WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN INFORMATION SOLUTIONS, LLC**

**COMPLAINT ¶72:**

Paragraphs 1 through 43 are re-alleged as though fully set herein.

**ANSWER:**

Equifax Defendants restate their answers to Paragraphs 1 through 71 as their answer to

Paragraph 72.

**COMPLAINT ¶73:**

Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax Defendants admit the allegations in Paragraph 73.

**COMPLAINT ¶74:**

Experian operates as a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 74.

**COMPLAINT ¶75:**

Experian repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1).

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 75.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff demands judgment for damages against Experian for statutory damages of $1000.00, any attorney fees and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

In response to Plaintiff's prayer for relief, Equifax Defendants deny that Plaintiff is

entitled to the relief sought or any relief whatsoever.  Equifax Defendants further deny that a *pro*

*se* Plaintiff is entitled to attorneys' fees.

**COUNT IX**

**VIOLATION OF THE FCRA, 15 U.S.C. §1681g(a)(1), WILLFUL NON-COMPLIANCE BY DEFENDANT TRANSUNION LLC**

**COMPLAINT ¶76:**

Paragraphs 1 through 43 are re-alleged as though fully set herein.

**ANSWER:**

Equifax Defendants restate their answers to Paragraphs 1 through 75 as their answer to

Paragraph 76.

**COMPLAINT ¶77:**

Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax Defendants admit the allegations in Paragraph 77.

**COMPLAINT ¶78:**

Trans Union operates as a consumer reporting agency within the meaning of 15 U.S.C.
§1681a(f).

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 78.

**COMPLAINT ¶79:**

Trans Union failed to comply with Plaintiff's multiple requests for a full consumer file
disclosure pursuant to 15 U.S.C. §1681g(a)(1).

**ANSWER:**

Equifax Defendants lack knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 79.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff demands judgment for damages against Trans Union for statutory damages of $1000.00, any attorney fees and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

In response to Plaintiff's prayer for relief, Equifax Defendants deny that Plaintiff is entitled to the relief sought or any relief whatsoever.  Equifax Defendants further deny that a *pro se* Plaintiff is entitled to attorneys' fees.

**COUNT X**

**VIOLATION OF THE FCRA, 15 U.S.C. §1681a(5)(B), BY DEFENDANT EQUIFAX, INC., AND EQUIFAX INFORMATION SERVICES, LLC**

**COMPLAINT ¶80:**

Paragraphs 1 through 43 are re-alleged as though fully set herein.

**ANSWER:**

Equifax Defendants restate their answers to Paragraphs 1 through 79 as their answer to Paragraph 80.

**COMPLAINT ¶81:**

Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax Defendants admit the allegations in Paragraph 81.

**COMPLAINT ¶82:**

Equifax and its alter ego, Equifax Information Services, LLC operate as a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax denies it operates as a "consumer reporting agency."  EIS admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only.  Equifax Defendants deny the remaining allegations set forth in Paragraph 82.

65163747v.1

**COMPLAINT ¶83:**

Equifax and Equifax Information Services, LLC, failed to provide notice to Plaintiff of reinserted information to the consumer file within 5 business days after the date of the insertion, pursuant to 15 U.S.C. § 16811(a)(5)(B).

**ANSWER:**

Equifax Defendants deny the allegations in Paragraph 83.

WHEREFORE, Plaintiff demands judgment for damages against Equifax, Inc., and Equifax Information Services, LLC for statutory damages of $1000.00, any attorney fees and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

In response to Plaintiff's prayer for relief, Equifax Defendants deny that Plaintiff is

entitled to the relief sought or any relief whatsoever.  Equifax Defendants further deny that a *pro*

*se* Plaintiff is entitled to attorneys' fees.

## VI.    RELIEF SOUGHT

**COMPLAINT ¶84:**

This Court is authorized to immediately order all Defendants to permanently remove all reference to the accounts from Plaintiff's consumer credit file and provide Plaintiff with full consumer file disclosure.

**ANSWER:**

In response to Plaintiff's prayer for relief, Equifax Defendants deny that Plaintiff is

entitled to the relief sought or any relief whatsoever.

## VII. PRAYER FOR DAMAGES

WHEREFORE, Plaintiff prays that this Court enter a judgment for Plaintiff, pursuant to the FCRA, against Defendants as follows.

(a) Against each Defendant., EIS, EXPERIAN and TRANS in the amount of $1,000;

(b)    Award Plaintiff the costs of bringing this action, as well as other and additional relief as the Court may determine to be just and proper[4]. See *Guimond v. Trans Union Credit Information Company*, 45 F.3d 1329 (9th Cir. 1995) (Even without pecuniary or out-of-pocket

---

[4] See 28 U.S.C. § 1652; Article IV, Section 1 of the United States Constitution

65163747v.1

loss, may recover actual damages for the mere injury to reputation or creditworthiness caused by the delinquencies appearing on credit report.) and *Gertz v. Robert Welsh, Inc*., 418 U.S. 323 (1974) *cf. Jorgeson v. TRW, Inc.*, C.A. No. 96-286 (D.Or. 1998)(emotional distress); *Valentine v. Equifax Information Servs, LLC, et al.*, U.S.Dist Ct. (Or) Case No. 05-cv-080140 (emotional distress); *Acton v. Bank One Corp*., 293 F.Supp.2d 1092, 1101 (D.Ariz. 2003) citing *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020 1040 (9th Cir. 2003); *Johnson v. Hale*, 13 F.3d 1351, 1352-53 (9th Cir. 1994) (objective evidence not a requirement for emotional distress). *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 57 (2007) (punitive damages for willful failure to comply with any requirement of the FCRA. 15 U.S.C. §1681n(1)).

Where the issue of damages depends on whether a violation of the FCRA occurred, the question of damages is generally reserved for the jury. *Cairns v. GMAC Mortg. Corp*., No. CIV 04-1840-PHX-SMM, 2007 WL 735564, *7 (D. Ariz. Mar, 5, 2007). A successful FCRA plaintiff is entitled to a damage award that varies depending on the willfulness of the breach. *See Rambarran v. Bank of America, NA.*, 609 F. Supp. 2d at 1258.

Recovery for a negligent violation of FCRA is limited to the amount of actual damages and attorneys' fees and costs. See 15 U.S.C. § 1681o. "If the breach is willful, however, the plaintiff is entitled to recover either actual damages or statutory damages (from $100-$1,000), whichever is greater, in addition to attorneys' fees and costs." *Rambarran*, supra, at 1258. The Court may also impose punitive damages to punish a willful violation of FCRA. *See* 15 U.S.C. § 1681n.

"Construed literally, the text of the FCRA would seem to impose liability—regardless of the accuracy of the underlying information—if the furnisher did not conduct a proper investigation after receiving notice of a dispute." *Davidson v. Capital One*, No. 14-20478-CIV, 2014 WL 6682532, at *4 (S.D. Fla. Nov. 25, 2014).

## ANSWER:

In response to Plaintiff's prayer for relief, Equifax Defendants deny that Plaintiff is entitled to the relief sought or any relief whatsoever.  Equifax Defendants deny any remaining allegations in the prayer for relief.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## ANSWER:

Equifax Defendants admit that Plaintiff demands a trial by jury on all issues so triable. Equifax Defendants object to a jury trial on all issues as to which a jury is not permitted as of right or as a matter of law, including Plaintiff's claims for equitable relief.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax Defendants assert the following affirmative and other defenses to the Complaint:

### FIRST DEFENSE

Equifax Defendants are not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against them.  Equifax Defendants are neither incorporated nor headquartered in New York, and the conduct giving rise to Plaintiff's claim occurred outside of New York and was not targeted at New York.

### SECOND DEFENSE

This Court is not the proper venue as to the claims Plaintiff brings against Equifax Defendants because the Court lacks personal jurisdiction over Equifax Defendants.

### THIRD DEFENSE

Facially and as applied, the FCRA violates the First Amendment to the U.S. Constitution by imposing unconstitutional content-, viewpoint-, and speaker-based restrictions on speech. The FCRA is also unconstitutionally vague and overbroad because it fails to define "consumer report" and other key terms sufficiently to allow persons to understand what speech the law prohibits, and the law prohibits much speech that the First Amendment to the U.S. Constitution protects.  In addition, EIS's accurate reporting of information is protected by the First Amendment to the U.S. Constitution, which prohibits content-, viewpoint-, and speaker-based regulations of speech except in narrowly tailored circumstances not present in this action.

65163747v.1

## FOURTH DEFENSE

To the extent Plaintiff seeks injunctive or equitable relief by her Complaint, such relief is barred or preempted by the FCRA.

## FIFTH DEFENSE

Plaintiff's Complaint fails in whole or in part to state a claim against Equifax Inc. upon which relief can be granted.

## SIXTH DEFENSE

Equifax Inc. is not a proper party to this lawsuit.

## SEVENTH DEFENSE

Equifax Inc. is not a consumer reporting agency under the FCRA.

Dated: New York, New York        SEYFARTH SHAW LLP
      August 12, 2020

By: */s/ Courtney Stieber*
    Courtney Stieber
    cstieber@seyfarth.com
    620 Eighth Avenue
    New York, New York  10018
    Telephone:  (212) 218-5500
    Facsimile:  (212) 218-5526

Attorneys for Defendants
EQUIFAX INC. and EQUIFAX
INFORMATION SERVICES LLC

65163747v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 12, 2020, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to all counsel of record and served the foregoing document via U.S. Mail addressed as follows:

> Rajwinder Kaur
> 16 Virginia Road
> Lake Grove, NY 11755
> *Pro Se Plaintiff*

> */s/ Courtney Stieber*
> Courtney Stieber